981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis Lee BURMAN, Trustee in Bankruptcy for Noreen Bishop,
Plaintiff-Appellant,
v.
ALBERTSON'S, INC., Defendant-Appellee.
 No. 91-35716.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1992.
Decided Dec. 8, 1992.
 
 1
 Before HUG and POOLE, Circuit Judges, and PRO,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Dennis Lee Burman ("Burman"), as trustee in bankruptcy for Noreen Bishop ("Bishop"), timely appeals the district court's dismissal of Bishop's handicap discrimination action. Burman's primary argument is that the district court erred in finding that Bishop failed to prove that she was qualified for available positions with Appellee Albertson's, Inc. ("Albertson's"), as required by Dean v. Municipality of Metro. Seattle-Metro, 708 P.2d 393, 400 (Wash.1985).
 
 
 4
 The district court's jurisdiction was based upon diversity, pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 5
 We review a district court's findings of fact for clear error. Fed.R.Civ.P. 52(a); Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 6
 In Washington, an employee plaintiff must prove three conditions in order to make a prima facie case of handicap discrimination. Dean, 708 P.2d at 400. The plaintiff must establish that (1) she is handicapped, (2) she had the qualification required to fill vacant positions, and (3) the employer failed to take affirmative measures to make the employee aware of job opportunities and to determine whether the employee was in fact qualified for the positions. Id. The district court determined that Bishop proved that she is handicapped, but failed to prove that she was qualified to perform the duties of an available job.
 
 
 7
 The only position that Bishop genuinely pursued was that of scan coordinator. Bishop's attorney conceded that Bishop could not serve as a checker-trainer. Bishop conceded that she was not interested in any position that was less than full-time or paid less than $8 per hour, including the position of courtesy booth clerk. Albertson's offered Bishop such a position, and she declined the offer. In addition, Bishop admitted that she was not qualified for the only office position that became available during the relevant time frame, a secretarial post, because her typing skills are inadequate.
 
 
 8
 Bishop failed to prove that she was qualified to serve as a scan coordinator. A scan coordinator's primary function requires a considerable amount of lifting and overhead reaching. The physical capacities evaluation shows that Bishop's handicap significantly impairs her ability to lift objects and virtually eliminates her ability to reach above shoulder level. Dr. Peter Rinaldi testified that the conclusions of the evaluation are "consistent with [his] findings." Tr. at 222.
 
 
 9
 Although Carolyn Wallace testified that Bishop's inability to reach over her head could be obviated through "the use of a stool, perhaps one ... on wheels that would be easily movable," the district court reasonably concluded that Wallace's testimony was entitled to less weight concerning Bishop's capabilities because Wallace did not make an on-site inspection of an Albertson's store to observe a scan coordinator in action. See Tr. at 101-02. In addition, the district court properly noted that the modification suggested by Wallace "falters in light of the speed with which the tags must be changed, not to mention the inherent danger to both Ms. Bishop and store customers in allowing her to work from a platform of some type."
 
 
 10
 Bishop maintains that she could perform the duties of a scan coordinator so long as she had assistance with certain heavy sacks. However, an employer is not required to hire an assistant so that basic job functions can be performed. See Coleman v. Darden, 595 F.2d 533, 540 (10th Cir.), cert. denied, 444 U.S. 927 (1979). Moreover, the physical capacities evaluation and Dr. Rinaldi's testimony undermine Bishop's claim. According to the evaluation, with which Dr. Rinaldi agreed, Bishop is limited to lifting 10 pounds on a frequent basis and 25 pounds on an occasional basis. She is not able to reach above shoulder level at all, and she experiences considerable pain as a result of repetitive abduction and flexion-type movements. The evaluation writer determined that Bishop's work "should be restricted to the limits established by this Functional Capacities Assessment."
 
 
 11
 While an "otherwise qualified" handicapped person "[need not] meet every stated employment requirement; ..., [s]he must satisfy those requirements which are reasonable, legitimate, and necessary." AT & T Technologies v. Royston, 772 P.2d 1182, 1185 (Colo.App.1989). The evidence presented at trial indicates that Bishop's handicap precludes her from performing the "reasonable, legitimate, and necessary" functions of a scan coordinator.
 
 
 12
 We conclude that the district court's finding that Bishop failed to prove that she was qualified for the position of scan coordinator with Albertson's is not clearly erroneous. "There is no civil rights violation in denying a job to a person who is not qualified to perform it." Dean, 708 P.2d at 399 (citation omitted). Therefore, we affirm the district court's dismissal of this action.
 
 
 13
 Because we conclude that Bishop failed to prove that she was qualified to perform the duties of a scan coordinator, we need not reach the other issues raised on appeal.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3